| 64  181 |
| 164s 513 |

## James A. Sackley and Peter Peterson, copartners as Sackley & Peterson, v. The Town of Cicero.

1. CONTRACTS—*Construction of.*—This case involves the construction of a contract for the improvement of Washington boulevard, containing the terms " road-bed " and " lineal foot."

Assumpsit, for paving, etc. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896. Reversed, and judgment entered with a finding of facts, etc. Opinion filed April 27, 1896.

### STATEMENT OF THE CASE.

The only question involved in this appeal is the construction of a contract made between the parties for the improvement of a portion of Washington boulevard.

The Town of Cicero, appellee, entered into a contract with the appellants for the improvement of Washington boulevard from the east line of Robinson avenue to the center line of Harlem avenue, in said town; the improvement to be made in accordance with the ordinance providing therefor.

It is admitted the work was done according to the provisions of the contract and ordinance. The road-bed, under the contract, was to be paid for by the lineal foot, and the only question is the number of lineal feet. This question arises from the fact that the ordinance requires that the roadway shall be extended north and south on all street and alley intersections to the north and south lines of Washington boulevard.

The appellee claims that the measurement of the lineal feet of road-bed should be confined to a straight line drawn along the center line of Washington boulevard from the east line of Robinson avenue to the center line of Harlem avenue, while appellants contend that the lineal feet of road-bed constructed on intersecting streets and alleys north of the north curb line and south of the south curb line of Washington boulevard should be added thereto, figured, however, on the basis of thirty-eight feet in width, being the width provided for in the ordinance for the road-bed on Washington boulevard.

It is agreed that if the road-bed constructed north and south of the curb lines of Washington boulevard are to be added, the amount of lineal feet, on the basis of thirty-eight feet in width, would amount to 744.18 lineal feet, which at $2.95, the contract price, would amount to $2,283.85 more than the judgment from which this appeal is taken.

The evidence shows that at these intersections, instead of the grading down north and south from center line of Washington boulevard to the curb line, the center line of these extensions is kept up to the same grade as the east and west center line of Washington boulevard, and the grading down is east and west to the curbs on the sides of these extensions.

The contract was to do the work as per the ordinance, and to be paid for as follows: Curbing 50c. per lineal foot; grading 8½c. per cubic yard.

"The sum of $2.95, for making and completing the road-bed in place as per specification, per lineal foot."

Catch-basins built, $25 each; catch-basins raised, $10 each; man-holes raised, $5 each; double cross-walks, 52c. per lineal foot; approaches, $5 each.

The ordinance provides:

Section 1. That Washington boulevard, from the east line of Robinson avenue to the center line of Harlem avenue, be improved by grading, curbing and paving in manner following, to wit:

The road-bed shall be excavated for a width of thirty-

eight feet, the same being nineteen feet on each side of the center line of said boulevard, to a depth below established grade of fifteen inches at the center line, and eighteen inches at the sides, and properly curved off between those points; * * * there shall be a curb laid on both sides of the roadway, the face of which shall be at a distance of nineteen feet from the center line thereof. * * * The curb shall be continued to the north and south lines of Washington boulevard at each street and alley intersection, the return at each alley intersection being formed of one circular stone of twenty inches radius.

On the road-bed, as before described, shall first be spread crushed limestone, to a depth of eleven inches at the center and seven inches at the side. * * * The roadway as last described shall extend to the north and south lines of Washington boulevard at all street and alley intersections.

The foregoing is all of the ordinance bearing on the question involved in this appeal.

R. S. Thompson, attorney for appellants.

Henry R. Pebbles, town attorney, for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

By the contract appellants were to be paid $2.95 per lineal foot for making and completing the road-bed as per specifications.

The road-bed was to be excavated for a width of thirty-eight feet, and to be excavated and filled so that the center would be eleven inches higher than the sides.

The roadway was to extend to the north and south lines of the boulevard at all street and alley intersections.

While there is room for contention that the words " road-bed " and " roadway " were used in the contract synonymously, it is to be noted that appellants were to be paid per lineal foot of " road-bed; " and that doing the work to the satisfaction of appellee, they did not at the intersections at

the distance of nineteen feet from the center, leave the sides eleven inches lower than the center, but treated the intersections as cross-beds, their centers being excavated and filled so as to be on a level with that of the main east and west road, while the sides of the intersections were left eleven inches lower than the centers. This method of construction was evidently desired by appellee. Such construction was impossible if the directions as to the excavation and filling were complied with and the intersections were regarded as a part of the east and west road-bed.

The contract contemplated a road-bed running east and west along the boulevard, and road-beds at the intersections running respectively north and south from the several north and south lines of the boulevard to lines nineteen feet from the center of the east and west road-way; and for the total lineal feet of such road-beds appellants are entitled to be paid.

The judgment of the Circuit Court is reversed. A judgment will be entered here on a finding of facts.

Reversed, and judgment here with finding of facts.

MR. JUSTICE SHEPARD dissents.